```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION
```

MAZIN FATTAH, AHMED KADHEM           )
MANKE, SALIM GHANEM SALIM,           )
and SABAH YOUSIF SAEED,              )
                                     )
        Plaintiffs,                  )
                                     )
    vs.                              )    Case No. 4:07CV1022-DJS
                                     )
ALBERTO GONZALES, Attorney           )
General of the United States,        )
MICHAEL CHERTOFF, Secretary          )
of the Department of Homeland        )
Security, EMILIO GONZALEZ,           )
Director, U.S. Citizenship &         )
Immigration Services, MICHAEL        )
JAROMIN, District Director,          )
U.S. Citizenship & Immigration       )
Services, CHESTER MOYER, Field       )
Office Director, U.S.                )
Citizenship & Immigration            )
Services, ROBERT S. MEULLER,         )
III, Director, Federal Bureau        )
of Investigation,                    )
                                     )
        Defendants.                  )

## MEMORANDUM AND ORDER

The matter before the Court is defendants' motion to dismiss or, alternatively, for remand [Doc. #2]. The matter has been fully briefed and is ready for disposition.

### Background

On May 23, 2007, plaintiffs Mazin Fattah, Ahmed Kadhem Manke, Salim Ghanem Salim, and Sabah Yousif Saeed filed a complaint with this Court, alleging that defendants have failed to timely adjudicate plaintiffs' naturalization applications, and that

pursuant to 8 U.S.C. § 1447(b), they should receive a judicial hearing. Specifically, plaintiffs allege that over 120 days have passed since they completed their respective naturalization interviews (that, in fact, over <u>30 months</u> have passed since the completion of their respective naturalization interviews), but due to incomplete FBI background checks, their applications have not been fully processed.

On July 30, 2007, defendants filed the current motion. Defendants argue that plaintiffs' claims are not ripe and should be dismissed for lack of subject matter jurisdiction. In the alternative, defendants argue that if this Court finds that it does have subject matter jurisdiction, it should remand the case to the United States Citizenship and Immigration Services ("USCIS") to secure a definitive response on all of plaintiffs' background checks.

Plaintiffs oppose defendants' motion. They argue that the Court does have subject matter jurisdiction, and that it should make a determination on plaintiffs' applications for naturalization. Further, plaintiffs ask that if the Court remands the action to USCIS, it should do so with specific instructions to avoid indefinite delay of their naturalization applications.

### **Naturalization Process**

The naturalization process begins when a permanent resident or alien completes an N-400 application for naturaliza-

2

tion. 8 U.S.C. § 1445(a). Following an applicant's filing of an N-400 form, USCIS is required to conduct a background investigation, including a review of all pertinent immigration and police records. Pursuant to 8 U.S.C. § 1446(a),

> [b]efore a person may be naturalized, an employee of the Service, or of the United States designated by the Attorney General, shall conduct a personal investigation of the person applying for naturalization in the vicinity or vicinities in which such person has maintained his actual place of abode and in the vicinity or vicinities in which such person has been employed or has engaged in business or work for at least five years immediately preceding the filing of his application for naturalization.

8 U.S.C. § 1446(a). The statutorily required background check is further detailed in the Code of Federal Regulations. "The investigation shall consist, at a minimum, of a review of all pertinent records, police department checks, and a neighborhood investigation in the vicinities where the applicant has resided and has been employed...for at least five years immediately preceding the filing of the application." 8 C.F.R. § 335.1.

In addition to a background check, an applicant for naturalization must undergo an interview examination. 8 U.S.C. § 1446(b). During this interview the applicant must successfully complete testing with respect to the statutory requirements of English proficiency and knowledge of United States history and government. 8 U.S.C. § 1423(a). According to the regulations, this interview is normally the last step in the application process, occurring after the background investigation has been

completed. 8 C.F.R. § 335.2(b). However, as the case before the Court demonstrates, USCIS sometimes conducts an applicant's interview before that applicant's background check has been concluded. Only after completing both a background check and interview can USCIS make a determination with regard to a candidate's application.

## Discussion

**A. Jurisdiction**

Congress has limited the jurisdiction of district courts in the naturalization process, and has granted the authority to naturalize individuals to the Attorney General. 8 U.S.C. § 1421(a). However, an exception exists at 8 U.S.C. § 1447(b), which states:

> If there is a failure to make a determination...before the end of the 120 day period after the date on which <u>the examination</u> is conducted..., the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter, or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b) (emphasis added).

As the Fifth Circuit Court of Appeals stated in <u>Walji v. Gonzales</u>, __ F.3d __, 2007 WL 2685028 (5th Cir. 2007), "[w]hether the district court has jurisdiction over [a plaintiff's] lawsuit hinges upon the statutory application of the term 'examination' in § 1447(b)." <u>Id.</u> at *2.

4

Defendants state that "[b]ecause plaintiffs' FBI name checks are not complete, their applications for naturalization are not ripe for judicial decision." Doc. #4, p. 12. It is not clear if defendants argue that "the examination" referred to in 8 U.S.C. § 1447(b) cannot be considered complete until after the FBI concludes its background investigation of an applicant (and, therefore, plaintiffs' claims are not ripe because the Court does not yet have jurisdiction under 8 U.S.C. § 1447(b)), or if defendants argue that, even if the Court has jurisdiction under 8 U.S.C. § 1447(b), any decision it might make with regard to plaintiffs' naturalization applications without a completed background check would be premature.

Nevertheless, given the plain language of 8 U.S.C. § 1447(b), the clear inferences to be drawn from the total statutory and regulatory scheme, and the stated legislative purpose of 8 U.S.C. § 1447(b), the Court finds that "the examination" referred to in 8 U.S.C. § 1447(b) does not include the required background check. See Walji, 2007 WL 2685028 at *2. Rather, "the examination" is completed when USCIS concludes its interview of an applicant. This finding is supported by the majority of cases dealing with this issue. See, e.g., id. at *2 n.5 (listing several of the "majority of courts addressing this issue [that] have concluded that the term 'examination' in § 1447(b) refers to a discrete event — the agency's initial interview of the applicant —

5

and that the 120-day period begins to run as of the date that interview is concluded").

Accepting as true the allegation that over 120 days have expired since all plaintiffs in this case were interviewed, the Court finds that it does have jurisdiction over the current action pursuant to 8 U.S.C. § 1447(b).

By the terms of 8 U.S.C. § 1447(b), however, a district court is not <u>required</u> to entertain the naturalization issue. Rather, the statute affords a district court discretion to determine the matter, or to remand the matter to USCIS without any further court action, as long as the district court provides appropriate instructions. See 8 U.S.C. § 1447(b); <u>U.S. v. Hovsepian</u>, 307 F.3d 922, 932 (9th Cir. 2002) ("[N]othing in the statute strips [USCIS] of jurisdiction when the 120-day period has expired. Jurisdiction over the application does not automatically vest in the district court, but rather the court may, as a matter of discretion, affirmatively assert jurisdiction if it wishes.").

**B. Appropriate Remedy**

Actions similar to the one currently before the Court have increased in number throughout the United States district courts. In this district alone, several similar actions have been adjudicated since the beginning of this year. While the cases in this district all agree that a district court does have subject matter jurisdiction pursuant to 8 U.S.C. § 1447(b), the disposi-

tions have ranged from remanding the matter to USCIS with instructions, to retaining jurisdiction over the matter and ordering that the defendant file an answer. See Zhao v. Gonzales, 2007 WL 2362134 (E.D. Mo. Aug. 14, 2007); Azouaz v. Chertoff, 2007 WL 1876474 (E.D. Mo. June 25, 2007); Hamzehzadeh v. Chertoff, 2007 WL 1629895 (E.D. Mo. June 4, 2007); Hamim v. Chertoff, 2007 WL 679643 (E.D. Mo. Mar. 1, 2007); but see Zhang v. Chertoff, 2007 WL 2332303 (E.D. Mo. Aug. 13, 2007); Sekhon v. Chertoff, 2007 WL 2317521 (E.D. Mo. Aug. 9, 2007).

In this case the Court finds that, because a final determination of the matter would require expertise that the Court simply does not have, it is better to remand the action to USCIS for further evaluation. It is within the purview of the FBI, and the USCIS, to complete and analyze the required investigations. Accordingly, the Court will remand the action to USCIS with instructions that a disposition must be made of plaintiffs' applications within thirty (30) days of the completion of the required background investigations.[1]

---

[1] Salim argues that he has suffered a specific monetary harm, stating that he has lost his social security benefits due to a delayed adjudication of his naturalization application. However, defendants state that as a consequence of Salim bringing that fact to their attention, "USCIS is in process of submitting an expedite request for plaintiff Salim to the FBI." Doc. #10, p. 2. The Court will not at this time impose further instructions.

**IT IS HEREBY ORDERED** that defendants' motion to dismiss or, alternatively, for remand [Doc. #2] is granted in part and denied in part as follows.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

**IT IS FURTHER ORDERED** that defendants' motion to remand the action pursuant to 8 U.S.C. § 1447(b) is granted.

**IT IS FURTHER ORDERED** that the action is remanded to the United States Citizenship and Immigration Services with instructions that a disposition must be made of plaintiffs' naturalization applications within thirty (30) days of the completion of the required background investigation.

Dated this <u>  23rd  </u> day of October, 2007.

<u>/s/Donald J. Stohr          </u>
UNITED STATES DISTRICT JUDGE